334

[Crim. No. 3357.   First Dist., Div. Two.   Nov. 20, 1957.]

THE PEOPLE, Respondent, v. MARTIN MONCRIEF, Appellant.

Jane H. Van Hook for Appellant.

Edmund G. Brown, Attorney General, Clarence A. Linn, Assistant Attorney General, and William M. Bennett, Deputy Attorney General, for Respondent.

DRAPER, J.—Defendant was tried on a charge of the murder of his wife.   The jury found him guilty of the included offense of manslaughter, and he appeals from the judgment. Appellant argues only fact issues.

There was evidence that on the day of the wife's death she and her husband had two fights involving the exchange of blows.   On the second of these occasions, appellant pushed off one who attempted to intervene, resumed striking his wife, and "she went out the window."   The window was closed, and her body shattered the glass.   She fell about 20 feet to a hard surface, and died as a result of the injuries thus incurred. There was testimony that appellant had threatened to kill her on other occasions and that, after she fell, appellant cursed her and expressed a hope for her death.   There was contra-

dictory testimony and appellant testified that decedent fell over the low window sill without being pushed or struck. We are satisfied that the record contains substantial evidence that Mrs. Moncrief was pushed through the window by appellant. The jury could have found in accordance with appellant's version, but that issue was for the jury to resolve (*People* v. *Newland,* 15 Cal.2d 678 [104 P.2d 778]). Appellant also argues that all the eyewitnesses were intoxicated, and therefore not to be believed. But here, too, there is a conflict of evidence.

Appellant also argues that the trial judge was required to grant a new trial in the light of the evidence. The cases cited for this novel view (*Estate of Morey,* 147 Cal. 495 [82 P. 57], and *Bates* v. *Howard,* 105 Cal. 173 [38 P. 715]) do not at all support it, and the latter decision is squarely opposed to appellant's argument. No appeal was taken from the order denying new trial, but the order clearly would be affirmed if appealed from.

Judgment affirmed.

Kaufman, P. J., and Dooling, J., concurred.